Harris, J.,
delivered the opinion of the Court.
From the record in this case it appears that the plaintiffs recovered a judgment before William E. Seay, a justice of the peace for Knox county, against William McTeer, for the sum- of $352 27, with costs, on the 17th day of July, 1856; that on the next day the following entry was made on said justice’s docket: “ I will be security for the stay of execution on the above judgment. July 18, 1856. J. C. G-allaher.” Then follows this statement: “William Gr. Brownlow enters, by order, as additional stayor on this judgment, this 10th day of Sep *550 tember, 1856.” On tbe 16tb day of April, 1857, an execution was issued on said judgment against McTeer, Gallaher, and Brownlow. Brownlow, by writs of certiorari and supersedeas, removed said cause into tbe Circuit Court, where, upon bis motion, tbe execution as against bim was quashed, and tbe plaintiffs have appealed in error to this Court.
Tbe order given by Brownlow to tbe justice to enter him as stayor, nowhere appears in this record. But it is not necessary to consider of that defect, as tbe cause goes off upon another question. By tbe provisions of tbe act of 1835, cb. 17, § 10, two entire days — Sundays excepted — after tbe day on which tbe judgment was rendered by tbe justice are allowed to tbe defendant to stay execution by giving security. See C. & N., 438. Under this provision it has been held that after tbe expiration of this time, tbe justice bad no jurisdiction to receive tbe security and stay tbe execution, and in such case tbe security would not be liable. See Patrick vs. Driskell, 7 Yerg., 140. Then, as tbe justice, in tbe case before us, received G-allaher as stayor within tbe time, bis jurisdiction was exhausted, and bis receiving tbe defendant Brownlow as an additional security, nearly two months afterwards, so far as the provisions of this statute go, was a mere nullity.
But it is insisted by plaintiffs’ counsel that by tbe 4th section of tbe act of 1842, eb. 136, Nicholson’s Sup., 278, tbe justice bad power, at any time before tbe judgment was paid, to receive additional security for tbe stay of execution. Such, in our opinion, is not a proper construction of that statute. It reads as follows :
“That in all cases, where any justice of the peace shall hereafter render a judgment against any one or more *551 defendants, the said justice may receive and enter security for the stay of such judgment at any time before the same is paid or execution is issued, with the consent of the plaintiff or his agent, and such security shall he hound in the same manner and to the same extent as if the judgment had been stayed within the time now prescribed by law.”
It is most manifest that this provision only applies to cases where no stay of execution had been previously received, and therefore .does not embrace the present case. Where the security has once been received by the justice, he has exercised his jurisdiction, and it is gone; except in cases provided for by the act of 1846, ch. 216, Mch. Sup., 279, which it is not pretended embraces this case, and therefore it is unnecessary to notice its provisions.
The result is, that the justice had no legal authority to receive Brownlow as additional security for the stay of execution at the time and under the circumstances disclosed in this record, and he is not bound thereby.
We therefore affirm the judgment of the Circuit Court quashing the execution.